**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DOROTHY W. COATES,
Plaintiff-Appellant,

v.                                                                    No. 97-1681

ABBEVILLE COUNTY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CA-96-1397-8-3)

Submitted: June 30, 1998

Decided: August 4, 1998

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Theo Walker Mitchell, THEO W. MITCHELL & ASSOCIATES,
Greenville, South Carolina; Marilyn M. Pauling, Greenville, South
Carolina, for Appellant. G. P. Callison, Jr., David M. Tatarsky,
Greenwood, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Dorothy W. Coates appeals from the district court's order, after a bench trial, denying relief in her action alleging racial discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a) (1994), and 42 U.S.C.A.§§ 1981, 1982, 1983, 1985 (West 1994 & Supp. 1998). Finding no error, we affirm.

Coates, the Delinquent Tax Collector for Abbeville County, alleged that she was paid a lower salary than her white, female predecessor and was subjected to a probationary period, which was not required of her predecessor, before being formally offered the position. Coates further alleged that she was denied longevity pay increases and that she was provided only part-time help, rather than a full-time clerk.

After a bench trial, the district court made the following factual findings. Coates accepted the position of acting Delinquent Tax Collector on June 26, 1991, after the former tax collector, Susan Botts, resigned. Coates was appointed acting tax collector for a six-month probationary period at an annual salary of $15,600. After Botts' resignation, the Abbeville County Council requested that the County Director review the salary for the Delinquent Tax Collector position because the Council believed that Botts' annual salary of $20,446 was too high. Data collected from the Upper Savannah Council of Governments and the South Carolina Association of Counties revealed that the salary range for delinquent tax collectors in counties similar in size and population to Abbeville County ranged from $13,868 to $17,056. During a Council meeting on March 18, 1992, the Council voted to raise Coates' annual salary from $16,100 to $17,300, effective July 1, 1992.

The Abbeville County Personnel Policies and Procedures Manual states that longevity pay is not applicable to elected or appointed officials. The district court found that although longevity pay was erroneously paid to Botts, the Council's refusal to pay Coates longevity pay was not racially motivated, but rather, mandated by the terms of the county personnel manual.

2

The district court found that Coates' salary was established as a result of a legitimate governmental concern that the salary for the delinquent tax collector position at the time Botts resigned was simply too high as compared to other counties. The district court concluded that Coates failed to demonstrate that the County's proffered reasons for the disparity between her salary and her predecessor's salary, the denial of longevity pay, and the denial of the appointment of a full-time clerk were pretextual. The court concluded that Coates failed to prove intentional discrimination. The court further found that Coates' allegation that the members of the Abbeville County Council conspired against her was insufficient to support a claim under § 1985(3).*

On appeal, Coates contends that the district court erred in finding that she failed to establish a prima facie case of discrimination because she is an African American employee who is paid less than her Caucasian predecessor for doing the same or more work. Coates further contends that the district court erred in finding that the County articulated a legitimate nondiscriminatory reason for the disparity between her salary and her predecessor's salary. In support of her claim of pretext, Coates asserts that: (1) she was the only employee subject to a probationary period; (2) she was provided only part-time help, even though her predecessor was afforded full-time help; (3) she was subject to a public evaluation; and (4) although the salary survey included salary ranges for several county positions, her position was the only one affected by the survey.

To prevail on her Title VII claim, Coates must establish, by a preponderance of the evidence, a prima facie case of race-based discrimination. Once a prima facie case is established, the burden shifts to the defendant to rebut the presumption of discrimination by producing evidence that Coates was paid a lower salary for a legitimate, nondiscriminatory reason. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). If the defendant meets its burden of production, the presumption raised by the prima facie case is rebutted and "drops

_____

*Coates failed to advance any argument regarding the conspiracy claim under § 1985 in her appellate brief. Therefore, we deem it abandoned. See Fed. R. App. P. 28(a)(6); 11126 Baltimore Blvd., Inc. v. Prince George's County, Md., 58 F.3d 988, 993 n.7 (4th Cir. 1995).

3

from the case," id. at 255 n.10, and Coates bears the ultimate burden of proving that she has been the victim of intentional discrimination. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-11, 515 (1993). The factual elements necessary to establish a prima facie case of employment discrimination are the same for Title VII, Section 1981, and Section 1983 claims. See Gairola v. Virginia Dep't of General Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). The district court's findings are factual and can be reversed only if clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). To establish a prima facie case of racial discrimination with respect to compensation, a plaintiff must show that she was paid less than a similarly situated individual not in her protected class. See Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 343 (4th Cir. 1994).

Even if Coates established a prima facie case of discrimination, we find that the County's proffered reason for not hiring Coates at the same annual salary as her predecessor was based on a legitimate non-discriminatory reason. There was ample evidence in the record to support this finding. Council members testified that the survey was conducted in an effort to streamline the county budget and in response to other employees' comments regarding unfairness in treatment and position assignments. The survey included not only the salary ranges for the delinquent tax collector, but for several other positions as well. The Personnel Policies and Procedures Manual provided for a six-month evaluation period for all new employees, specifically employees new to a particular department. Further, although Botts received longevity pay, other department heads, like Coates, did not receive longevity pay, as mandated by county policy. Coates failed to demonstrate that the County's proffered reasons for the disparity between her salary and her predecessor's salary, the denial of longevity pay, and the denial of the appointment of a full-time clerk were pretextual.

We affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4